**In re George HENRY, Debtor.**

**Bankruptcy No. 1–84–02993.**

United States Bankruptcy Court, S.D. Ohio, W.D.

April 15, 1985.

Mark E. Combs, Cincinnati, Ohio, for George Henry.

Mitchell B. Goldberg, Cincinnati, Ohio, for BancOhio.

### DECISION AND ORDER ON DEBTOR'S MOTION TO DISMISS

BURTON PERLMAN, Bankruptcy Judge.

On November 29, 1984 an involuntary petition under chapter 7 was filed against the above identified debtor by three creditors, BancOhio National Bank, (hereafter BancOhio), P.R. Duke Co., Park 50 Corporation, (hereafter Duke), and Mr. Earl Burt (hereafter Burt). The foregoing three entities hereafter will be referred to collectively as "petitioners". The petition alleges that the petitioners hold claims against the debtor, not contingent as to liability aggregating more than $5,000.00.

Debtor filed an answer generally denying the allegations of the petition and setting forth as an affirmative defense that the petition was filed in bad faith. The grounds constituting bad faith are said to be that there was at the time of filing of the subject petition a suit pending in the state court to which BancOhio was a party, and in which BancOhio was subject to a cross claim in large amount. The answer states that at the time of the filing the state court matter had been scheduled for trial, and the bankruptcy filing amounted to an attempt "to deprive said debtor of the opportunity to litigate his cross claim."

A hearing was held on the issues framed by the petition and answer on January 9, 1985. On that day debtor filed Supplemental Answer. In the Supplemental Answer, debtor alleges further that petitioner Burt is a judgment creditor of debtor, and that as consideration for the entry, which was an agreed entry, Burt agreed to withhold execution upon the judgment pending final disposition of the claims of debtor in another suit pending in the state court. Said other suit was scheduled for trial on the merits of debtor's claims against BancOhio

and others. Debtor in his Supplemental Answer sets up a defense of estoppel, contending that the agreement to withhold execution pending conclusion of the additional state court litigation estops Burt from bringing the subject involuntary petition.

At the hearing it was understood that there were two issues requiring attention, first, the adequacy of the petitioning creditors, and, second, whether debtor is paying his bills as they come due. Inadequate time had been allowed for a full hearing on the issues in question, and it was agreed that the matter would proceed as on a motion to dismiss confined to the issue of whether Burt and BancOhio are valid petitioning creditors. A briefing schedule dealing with this issue was set, and the parties filed memoranda.

The statutory language involved on this motion is the following:

§ 303 Involuntary Cases.

    \*    \*    \*    \*    \*    \*

(b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—

(1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute, ... if such claims aggregate at least $5,000 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

    \*    \*    \*    \*    \*    \*

It is the contention of debtor that the claims of two of the petitioners, Burt and BancOhio, are subjects of bona fide dispute. Petitioners contest this position. They assert that Burt holds a confessed judgment against debtor. Further, petitioners say that BancOhio was granted a summary judgment against debtor. Petitioners contend that the existence of these judgments settles the matter that they are qualified petitioners under § 303(b)(1).

Debtor, to the contrary, points out that with respect to the Burt judgment, the Entry relied upon itself recites that execution is to be withheld pending final disposition of the claims of debtor in a certain suit being litigated in the Court of Common Pleas in Clermont County Ohio. Furthermore, the summary judgment granted to BancOhio arises in litigation in which debtor asserts an as yet unadjudicated cross claim against BancOhio. Thereby, debtor says that "the cross claim of respondent represents a bona fide dispute which may materially affect the final judgment entered in this case."

The language in § 303(b)(1) here in dispute disqualifying an entity that holds a claim which is the subject of a bona fide dispute, is entirely new in the Bankruptcy Code having been introduced by the 1984 Bankruptcy Amendments (P.L. 98–353, July 10, 1984). Consequently the cases offered by petitioners in support of their position, which predate that legislation, *In Re Tampa Chain Co., Inc.*, 35 B.R. 568 (Bankr.S.D.N.Y.1983) and *In Re North County Chrysler Plymouth, Inc.*, 13 B.R. 393 (Bankr.W.D.Mo.1981) are not in point. Those cases go only to whether the claim is contingent, an entirely separate consideration of the statute at § 303(b)(1).

The reason for the introduction of this additional language in the statute was explained by its proponent as follows:

The problem can be explained simply. Some courts have interpreted section 303's language on a debtor's general failure to pay debts as allowing the filing of involuntary petitions and the granting of involuntary relief even when the debtor's reason for not paying is a legitimate and good-faith dispute over his or her liability. This interpretation allows creditors to use the Bankruptcy Code as a club against debtors who have bona fide questions about their liability, but who would rather pay up than suffer the stigma of involuntary bankruptcy proceedings.

My amendment would correct this problem. Under my amendment, the original filing of an involuntary petition could not be based on debts that are the subject of a good-faith dispute between

the debtor and his or her creditors. In the same vein, the granting of an order of relief could not be premised solely on the failure of a debtor to pay debts that were legitimately contested as to liability or amount.

I believe this amendment, although a simple one, is necessary to protect the rights of debtors and to prevent misuse of the bankruptcy system as a tool of coercion. I also believe it corrects a judicial misinterpretation of existing law and congressional intent as to the proper basis for granting involuntary relief.

130 Cong.Rec. S7618. (June 19, 1984) (Comments of Senator Baucus).

While the foregoing is illuminating, it does not settle the question presented to us. Clearly, by reason of the confessed judgment held by Burt and the summary judgment held by BancOhio, in the legal sense the question of liability has been settled as between those petitioners and debtor. What unsettles the matter as to each of these judgments, however, is that there exists a countervailing claim which if adjudicated in favor of debtor could entirely off-set these existing liabilities.

We reach the conclusion that the position argued for by debtor is more consistent with the purpose of the new phrase in the statute. While technically a liability exists, that liability, by reason of the as yet unadjudicated contrary positions asserted by debtor in the state court litigation, can disappear, and so far as this record is concerned no question is presented that the positions asserted by debtor against the two judgments in the state court is bona fide.

We hold, therefore, that petitioners Burt and BancOhio are disqualified from being petitioners by reason of the "subject of a bona fide dispute" language newly added to the statute.

The involuntary petition will be dismissed.

SO ORDERED.